347 P.2d 563

William R. CLYDE, Plaintiff and Respondent,

v.

EDDINGTON CANNING CO. and W. R. Eddington, Defendant and Appellant.

No. 9118.

Supreme Court of Utah.

Dec. 16, 1959.

Howard & Lewis, Provo, for appellant.

Van Cott, Bagley, Cornwall & McCarthy, Sterling D. Colton, Salt Lake City, for respondent.

HANSON, District Judge.

Appeal from a summary judgment in favor of plaintiff. Affirmed. Costs to plaintiff.

Plaintiff sued defendant personally on a promise allegedly made in the following written instrument:

"Eddington Canning Company, Inc.
"Phone HUnter 9–5611 Springville, Utah
"March 6, 1957
"Mr. William Clyde
"Springville, Utah

*"Dear Bill:*

"This is to certify that *I, personally,* will *guarantee* you payment for any tomatoes you raise and deliver for *us,* or any other crop contracted for, on the day contract specifies for payment.

"Yours very truly,
"Eddington Canning Company
"/s/ W. R. Eddington
"W. R. Eddington" (Italics supplied)

Defendant contends that by signing the letter in the form indicated it was not his intention to be bound personally. He so averred in an affidavit upon which the matter was determined. Under the clear language of the writing we are not impressed with such contention, particularly since intentions cannot vary the terms of clear, concise, unambiguous language employed by him who says he did not intend what he said.

CROCKETT, C. J., and HENRIOD and McDONOUGH, JJ., concur.

WADE, Justice (concurring).

I concur. However, I am not convinced that the letter set out in the prevailing opinion is without ambiguity. It is written on the stationery of the Eddington Canning Company, Inc., and ends up with the signature of W. R. Eddington under the printed name of the company. This suggests that it is a document of the company and not of Eddington individually. The body of the letter suggests unequivocally that some individual is guaranteeing the obligation of the company and not that it is personally guaranteeing its own obligation.

This ambiguity is cleared beyond doubt by the uncontroverted affidavit of Clyde that he was approached by a representative of the company soliciting him to enter into contracts to sell his farm products to the company which he refused unless he re-

ceived a letter from Eddington personally guaranteeing payments of the amounts which would become due under such contracts, and that he received this letter in response to this demand. This is not changed by the affidavit of Eddington that he did not intend to be personally bound by this letter. For under those circumstances he either intended to be personally bound or else to fraudulently induce Clyde to enter into contracts with his company thinking that Eddington was personally bound.

CALLISTER, J., having disqualified himself, does not participate.